UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CRAIG FRANCIS SZEMPLE,<br><br>                    Plaintiff,<br><br>        v.<br><br>CORRECTIONAL MEDICAL SERVICES, INC., NEW JERSEY DEPARTMENT OF CORRECTIONS, GEORGE HAYMAN, RICHARD CEVASCO, PH.D., THOMAS FARRELL, BRUCE A. HAUCK, MS. IFILL, DR. HOCHBERG, MIKE POWERS, JOY BLACK, ELMIRA KAPCHITS, GEORGE E. ACHEBE,<br><br>                    Defendants. | Civil Action No. 07-4809 (SDW) (MCA)<br><br>**OPINION**<br><br>May 30, 2012 |

**WIGENTON**, District Judge.

Before the Court is Dr. John Hochberg, Dr. Elmira Kapchits, Dr. George Achebe (collectively "medical Defendants"), Correctional Medical Services, Inc. ("CMS"), and Charmaine Ifill's ("Ifill") (collectively "Defendants") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) ("Motion").[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Venue is proper in this District pursuant to 28 U.S.C. § 1931. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, this Court grants Defendants' Motion for Summary Judgment.

---

[1] Plaintiff has not opposed this Motion.

1

## LEGAL STANDARD[2]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." Id. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the non-movant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"

---

[2] This Court's January 18, 2012 Opinion contains a detailed factual background of this case. Therefore, the facts will not be repeated in this Opinion.

Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp., 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." Black Car Assistance Corp. v. New Jersey, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**DISCUSSION**

1. Ifill

Defendants maintain that Plaintiff has no cause of action against Ifill. (Defs.' Br. 9.) This Court agrees. Szemple, proceeding *pro se*, named Ifill as a defendant in his initial Complaint. However, on May 24, 2010, Plaintiff, with the assistance of counsel, filed an Amended Complaint. (Docket Entry No. 66). The Amended Complaint did not name Ifill as a defendant. (See generally Am. Compl.) Moreover, there were no allegations in the Amended Complaint pertaining to Ifill. Consequently, Szemple has no cause of action against Ifill.

2. Medical Defendants and CMS

Defendants, relying on the exhibits they provided in the motion which was the subject of this Court's January 18, 2012 Opinion, maintain that Szemple has no viable claim against the

medical Defendants or CMS because he has failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA").  This Court agrees.

The PLRA, states that "[n]o action shall be brought with respect to prison conditions under section . . . [1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Therefore, if a prisoner has not properly exhausted the available administrative remedies, a federal court must dismiss the case.  Woodford v. Ngo, 548 U.S. 81 (2006).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Grievance procedures in inmate handbooks are administrative procedures that must be exhausted prior to the filing of a suit.  Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 2002).  The administrative process must be followed to completion before suit may be brought in federal court; a prisoner does not exhaust administrative remedies until a grievance is fully pursued through each level of appeal available in the prison's system.  Spruill, 372 F.3d at 222; Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

The PLRA's exhaustion requirement applies to Szemple because he was incarcerated at the time he initiated this action.  Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001).  Plaintiff filed several administrative remedy forms during the time period relevant to this action.  (See generally Docket Entry No. 122, Exs. A, H.)  However, none of those remedy forms pertain to Defendants' alleged failure to maintain Szemple's medical records.  Consequently, Plaintiff has failed to exhaust his administrative remedies and is precluded from bringing suit.

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED.

s/ Susan D. Wigenton, U.S.D.J.

cc:     Magistrate Judge Madeline C. Arleo